**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS R. LAWRENCE,

Defendant-Appellant.

No. 05-1070
(D.C. No. 99-CR-207-S)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL, KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Thomas R. Lawrence appeals a district court decision denying release

pending appeal. We affirm.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 2002, Lawrence was convicted of wire fraud and related offenses and sentenced to 72 months' imprisonment. His appeal from that conviction is pending before this court. See United States v. Lawrence, No. 02-1259 (argued Mar. 11, 2004).

Relying primarily on the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), Lawrence maintains that his appeal from his conviction is likely to result in a reduction of his sentence to a term less than the expected duration of the appeal. See 18 U.S.C. § 3143(b)(1)(B)(iv) (providing for release pending appeal if the defendant can show, among other factors, that he has raised a claim on appeal that is "likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process"). We disagree. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court declared the Federal Sentencing Guidelines constitutionally infirm under Blakely and provided, as a remedy for this infirmity, that district courts should treat the Guidelines as advisory rather than binding. See Booker, 125 S. Ct. at 749-50, 764-65. Consequently, even if the district court committed plain error under Blakely (a question we need not decide in this proceeding), Booker would permit the court to reimpose the same sentence on remand. See United States v. Rodriguez, 398 F.3d 1291, 1300-01 (11th Cir. 2005). We therefore cannot say that it is likely that

Lawrence's appeal from his conviction is likely to result in a reduction of his sentence.

For these reasons, the judgment of the district court is affirmed.

ENTERED FOR THE COURT
PER CURIAM